**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted January 23, 2008[*]
Decided January 24, 2008

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

| | | |
|---|---|---|
| **No**. 06-3904 | | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| DANIEL M. ANDREOLA, SR., *Plaintiff-Appellant,* | | |
| **v.** | | No. 04 C 282 William C. Griesbach, *Judge.* |
| JAMES E. DOYLE, MATTHEW J. FRANK, Secretary, CINDY O'DONNELL, Security Chief, *et al.,* *Defendants-Appellees.* | | |

**Order**

In 2006 we held that the district court did not abuse its discretion in denying Daniel Andreola interlocutory relief on his claim that state prison officials failed to provide him with a diet that met his specifications of Kosher preparation. No. 05-1931 (7th Cir. Feb. 22, 2006) (unpublished order). We also held that further

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

proceedings were required to resolve plaintiff's claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc-1.

The district court then conducted a jury trial. The first question in the special-verdict form was whether Andreola holds a sincere religious belief in Judaism. The jury's negative answer ended the case. On appeal, Andreola insists that the evidence on this issue favors him, but, unless no reasonable person could have taken the jury's view, the verdict must stand. The district court observed that Andreola conceded that, before his imprisonment, "he had regularly eaten at fast food restaurants and other nonkosher establishments". Moreover, "Andreola did not testify and personally affirm his religious faith". Although Andreola asserts that the jury instruction on this point was deficient, he does not identify any error (and at all events did not object before the instruction was given).

Although Andreola contends that the district judge was biased against him, his only basis is the judge's remark--after the jury had returned its verdict--that the Religious Land Use and Institutionalized Persons Act "isn't intended as a get rich scheme for prisoners who feel their rights are being violated". That statement is a correct proposition of law and does not demonstrate any form of prejudgment. See *Liteky v. United States*, 510 U.S. 540 (1994).

Andreola's other arguments are beside the point, given the jury's verdict, and need not be discussed.

AFFIRMED